## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E.C., a minor by his Parent and Natural Guardian, Elliott Calloway, Sr. <br> 27 East Central Avenue <br> Paoli, PA 19301 | CIVIL ACTION |
| PLAINTIFF, <br> v. | Case No.: |
| TREDFYFFRIN TOWNSHIP SCHOOL DISTRICT <br> 940 West Valley Road <br> Wayne, PA 19087 <br> and <br> CONESTOGA HIGH SCHOOL <br> 200 Irish Road <br> Berwyn, PA 19312 <br> and <br> JOHN VOGAN <br> 705 Meadowview Lane <br> Mount Clare, PA 19453 <br> and <br> C. GORDON DAVIS <br> c/o Tredyffrin/Easttown Middle School <br> 801 Conestoga Road <br> Berwyn, PA 19312 <br> and <br> GARY PHILLIPS <br> 12 Percheron Drive <br> Spring City, PA 19475 <br> and <br> JUSTIN DAVEY <br> c/o Conestoga High School <br> 200 Irish Road <br> Berwyn, PA 19321 <br> and <br> JOSEPH BOGUS <br> 529 Chester Avenue <br> Phoenixville, PA 19460 <br> and <br> THOMAS BAGTOS <br> 507 Doral Circle <br> Berwyn, PA 19312 <br> DEFENDANTS | JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, comes the Plaintiff and hereby states his claims against Defendants as follows:

## INTRODUCTION

1.      This is a civil rights action, brought by the minor Plaintiff, an African American male, age sixteen (16),  residing in Devon, Pennsylvania, who had attended high school at Conestoga High School in Berwyn, PA.  Conestoga is in the Tredyffrin Township School District located in Chester County, Pennsylvania.

2.      For numerous years, the Conestoga football team had a "culture" of hazing that included lewd, sexual acts described by the students and performed by older players on the younger players.   This included a hazing ritual known as "No Gay Thursday" that had been occurring in the locker room for the football team players at Conestoga High School.

3.      Its origin is unclear but the hazing ritual included the older male students inflicting sexually offensive acts upon the younger male members of the Conestoga football team.

4.      Students have provided statements about their experience with "No Gay Thursday", describing that it included the older players placing their testicles on the heads and shoulders of the younger players, requiring the younger players to place football uniform under garments on naked older players, requiring the younger players to strip down to their underwear and then clean the locker room in the their underwear.  The students reported that "No Gay Thursday" happened every Thursday in the locker room for many years.  The legend of "No Gay Thursday" was pervasive in Conestoga High School with students reporting that they saw and heard about the offensive acts that occurred in the locker room.

2

5.      The students reported that in anticipation of "No Gay Thursday" activities, there would often be open discussions by students during the school day on Thursday, in the presence of the football coaches who heard the discussions.

6.      The "No Gay Thursday" hazing culture was highly disruptive to Conestoga students' educational pursuits.  The students either harbored feelings of humiliation of being a hazing victim, or the students were fearful and apprehensive of becoming the next victim.

7.      The Defendant Coaches, as "appropriate persons" of Defendant Tredyffrin Township School District, were aware that the minor Plaintiff and other football players were being subjected to physical assault and battery, sexual hazing, and called homosexual epithets, and it was foreseeable that this conduct would escalate into more  severe and pervasive sexual harassment and abuse.  Ultimately, the actions of the older players did in fact become more severe and abusive, penetrating minor Plaintiff's rectum with a broomstick on October 15, 2015.

8.      Minor Plaintiff contends that the humiliating mental abuse and the brutal physical violence he suffered was clearly apparent, observed by coaches, obviously foreseeable, and entirely preventable, but the Defendant Coaches ignored and/or neglected their clear duty with deliberate indifference.  As a result, minor Plaintiff has suffered severe and permanent emotional and mental damages, as described with more particularity in this Complaint.

9.      The District Attorney's office of Chester County has brought criminal charges against the perpetrators, but no civil remedy has been afforded for damages and therefore, this action commences.

10.      The Tredyffrin Township School District cannot allow hazing to occur, either by turning a blind eye to the wrongful conduct or by failing to supervise their students.  This lawsuit

3

seeks to impose responsibility on the district and their "appropriate persons" for failing to supervise their students and for compensation for the damages that were caused as a result.

<u>PARTIES</u>

11.     Plaintiff, is a minor individual, and a resident of the Commonwealth of Pennsylvania, residing at 27 East Central Avenue, Paoli, PA 19301, and was fifteen (15) years old when he was hazed and abused.  At all times relevant hereto, minor Plaintiff was a student enrolled in the Tredyffrin Township School District, Chester County, Pennsylvania, under the compulsion of the laws of Pennsylvania.  *See* 24 P.S. § 13-1327.  Minor Plaintiff's name, E.C., is abbreviated to protect him given the private nature of the allegations contained in this Complaint.

12.     Defendant Tredyffrin Township School District (hereinafter "Tredyffrin"), is an entity located at 940 West Valley Road, Wayne, PA 19087, which serves the townships of Tredyffrin and Easttown, operating eight public schools in Eastern Chester County.

13.     Defendant Conestoga High School is a public school located at 200 Irish Road, Berwyn, PA 19312 and operated by Defendant Tredyffrin Township School District, and as such is responsible for all conduct of agents and employees of the Tredyffrin Township School District with respect to the attendance of the minor Plaintiff at the school.

14.     At all times material hereto, Defendant John Vogan (hereinafter "Vogan"), is an adult individual and was the head football and baseball coach employed by Defendant Tredyffrin Township School District.  Defendant resides at 705 Meadowview Lane, Mount Clare, PA 19453.

15.     At all times material hereto, Defendant C. Gordon Davis (hereinafter "Davis"), is an adult individual and was the assistant head football coach employed by Defendant Tredyffrin Township School District.  Defendant resides at 189 Patriot Road, King of Prussia, PA 19406.

4

16.    At all times material hereto, Defendant Gary Phillips (hereinafter "Phillips"), is an adult individual and was the assistant head football coach employed by Defendant Tredyffrin Township School District.  Defendant resides at 12 Percheron Drive, Spring City, PA 19475.

17.    At all times material hereto Defendant Justin Davey (hereinafter "Davey"), is an adult individual and was the assistant head football coach employed by Defendant Tredyffrin Township School District.  Defendant resides at 254 Twining Road, Lansdale, PA 19446.

18.    At all times material hereto Defendant Joseph Bogus (hereinafter "Bogus"), was the assistant head football coach employed by Defendant Tredyffrin Township School District. Defendant resides at 529 Chester Avenue, Phoenixville, PA 19460.

19.    At all times material hereto Defendant Thomas Batgos (hereinafter "Batgos"), was the assistant head football coach employed by Defendant Tredyffrin Township School District. Defendant resides at 507 Doral Circle, Berwyn, PA 19312.

20.    At all relevant times, Defendants had supervision and control of minor Plaintiff in loco parentis.

## JURISDICTION AND VENUE

21.    This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

22.    This court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives the courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation  under any color of State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons

within the jurisdiction of the United states; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

23.     Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

24.     Minor Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 (a), as more fully set forth herein.

25.     This is also an action to redress the deprivation of minor Plaintiff's constitutional right to bodily integrity under the Fourteenth Amendment of the United States actionable under 42 U.S.C. §1983.

## FACTS

26.     Minor Plaintiff hereby incorporates by reference the allegations set forth in the foregoing paragraphs as though they were set forth at length herein.

27.     Minor Plaintiff was a student and attended the Tredyffrin Township School District throughout elementary and middle school.

28.     At all times relevant herein, Defendant Tredyffrin Township School District had supervision and control of its students.

29.     Conestoga High School (hereinafter "Conestoga"), was the high school minor Plaintiff attended as a freshman in September 2015, one of eight schools operated by Defendant Tredyffrin Township School District.

30.     At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom were "appropriate persons" under Title IX as they had the power to end the sexual hazing that remained on-going; maintaining control over the abusive players and their victims like minor Plaintiff.

31.     During 2015, Defendant Vogan was the head coach of the Conestoga Varsity Football Team.  As the head coach, Vogan was in charge of the entire Conestoga football program.  An integral part of Conestoga High School athletics, Vogan served as head coach of the varsity football team and the varsity baseball team for nearly fifteen years.

32.     As the head football coach for fifteen years, Defendant Vogan possessed intimate knowledge of his players, community, and most saliently, the culture of his football team.  This culture included sexual hazing, bullying, hatred, and abuse.  This culture was well known, and it permeated the Conestoga High School community.

33.     Defendant Vogan and his coaching staff governed the Conestoga football team affirmatively enacting the policies and rules that the players had to abide by.  Defendants Tredyffrin Township School District and Defendant Conestoga High School ordained the Defendant Coaches with this power.  All players, including those who hazed and those who were the victims of hazing, remained under the Defendant Coaching Staff's control throughout the season.

34.     The Conestoga football team utilized a Head Coach and five Assistant Coaches to oversee, train, lead, protect and develop its players.  The Assistant Coaches were Coach Davis, Coach Phillips, Coach Davey, Coach Bogus, and Coach Batgos.  The Coaches' offices are located no more than a few feet from the door of the varsity football team's locker room.  Despite such close proximity to the locker room, students have reported that Defendant Vogan

7

maintained a stated policy that the locker room belonged to the players; it was "their space." Accordingly, the coaching staff and the athletic staff basically refrained from entering the locker room, failing to provide supervision therein.

35.     Defendant Vogan's affirmative decision that the coaching staff would basically stay out of the locker room created an unsupervised environment.  As a result of the unsupervised environment, a hazing culture emerged in the locker room, with older players subjecting freshman and younger boys to physical abuse and sexual hazing with no fear of be detected by the Coaching staff.

36.     The ongoing player on player physical and sexual hazing that was occurring among the football team players was during school hours and on school grounds.

37.     In August 2015, the Conestoga football team invited minor Plaintiff to participate in a preseason football camp that took place at Conestoga High School.  Minor Plaintiff was entering the ninth grade at Conestoga High School in September 2015, and sought to play on the football team.

38.     In order to secure a spot on the Conestoga football team, minor Plaintiff was required to attend a try out.  In August 2015 he attended a try out that occurred at the aforementioned preseason camp held by Conestoga High School.

39.      In accordance with Conestoga's try out requirement, minor Plaintiff participated in the preseason camp, ultimately earning a spot on the varsity football team.

40.     The students have reported that during the 2015 preseason camp, Defendant Vogan observed visible bruises and injuries on a sophomore football player.

41.     According to students, Defendant Vogan questioned the player and learned that a "slap boxing" match occurred wherein a senior player injured the sophomore player leaving him visibly bruised and battered.

42.     In response to learning of the slap boxing match, Vogan called an entire team meeting at preseason camp to deliver a "no hazing" lecture to all players.

43.     During the no hazing lecture, Vogan informed the players – in the presence of the Assistant Coaches – that neither he nor his coaching staff would tolerate any abuse or hazing by the players on the other players.  Specifically, Vogan announced the prohibition of any kind of player-on-player abuse.

44.     Shortly thereafter, despite Vogan's knowledge of the ongoing abuse the between players, Vogan once again declared that the locker room was "the player's space."  As such, Coach Vogan made it abundantly clear that the coaches and the athletic staff would basically refrain from entering the football team's locker room.

45.     The varsity football team locker room is where the members of both the varsity football team use the lockers in the facility to store their sports related equipment, change their clothes before and after games, and put on their equipment for their athletic contests and practices.

46.     As a member of the Conestoga varsity football team, minor Plaintiff participated in practices, games, and all other team related activities.  Accordingly, Conestoga provided minor Plaintiff with a locker in the boy's athletic locker room as well as equipment.

47.     As soon as minor Plaintiff joined the football team in September 2015, he became the unfortunate victim of the Conestoga football team's sexual hazing and abuse culture.  A culture that persisted in the team's unsupervised locker room.

9

48.     From the outset, the abuses committed against minor Plaintiff occurred with regularity.  Older students placing their testicles on minor Plaintiff's head, rubbing their testicles on minor Plaintiff's body, forcing minor Plaintiff to strip down to his underwear and clean the locker room, placing minor Plaintiff in headlocks, pinning minor Plaintiff to the floor with his legs spread apart while in a state of undress, kicking him and hitting him with a belt.

49.     In addition to physical and sexual abuse, minor Plaintiff became the regular target of homosexual epithets, with older players routinely calling him "faggot" and "queer".

50.     The abusive touching and homosexual derogation were part of a larger anti-gay culture reinforced by older players in a weekly celebration they dubbed "No Gay Thursday."

51.     According to students and players, "No Gay Thursday" was an event that had been a part of the Conestoga football program for many years.

52.     According to Conestoga High School's own internal investigation, "No Gay Thursday" dated back many years; created and maintained by the football team.

53.     Students reported that "No Gay Thursday" took place every Thursday during the football season, where actions that the team members subjectively deemed homosexual were "okay" to subject younger players to on Thursdays in the locker room.

54.     Students reported that on "No Gay Thursday", while in the unsupervised locker room, often older players verbally and physically coerced younger players to strip down to their underwear and clean the locker room.

55.     Students reported that the players did not keep "No Gay Thursday" a secret, openly discussing the event in front of Coach Davis, Coach Phillips, and Coach Davey who overheard the discussions.

10

56.     Older players often threatened minor Plaintiff in the presence of coaching staff who overheard them threatening him, "[w]ait till 'No Gay Thursday', faggot" or "[w]ait till we get back in the locker room, queer."

57.     Despite the Coaches hearing several of the students' utter homosexual epithets at minor Plaintiff and hearing them threaten him "Wait till we get back in the locker room", no action was taken to investigate or to sanction the responsible students, or to protect minor Plaintiff from such conduct or prevent its continuation.

58.     In early September of 2015, on a "No Gay Thursday", a group of three older players, Jack Mille, Tim Miller, and Will Gradashak, approached minor Plaintiff who was in his underwear and demanded that he put Gradashak's compression shorts onto Gradashak who was half naked, his genitals exposed and was wearing only a form fitting short t-shirt.

59.     Minor Plaintiff refused to put Gradashak's compression shorts onto half naked Gradashak, and the three players physically assaulted minor Plaintiff grabbing him by his arms and legs.  They then proceeded to pin him to the floor, pulling at his arms, spreading his legs open, Gradashak participating with his genitals exposed.

60.     The three older players then proceeded to drag minor Plaintiff in his underwear, with his legs still spread open, across the locker room floor when Assistant Coach Davis entered the locker room, and saw the boys abusing minor Plaintiff including half naked Gradashak.

61.     Coach Davis observed the abuse and said "What are you guys doing?  We need to get out and practice."

62.     In response to being seen by Coach Davis, the group let go of minor Plaintiff. Minor Plaintiff, feeling terrorized, got on his feet and fled from the locker room.

63.     Despite Coach Davis seeing this abuse, neither he, nor any of the other coaches investigated the matter, or sanctioned the responsible students, or sought to protect minor Plaintiff from such conduct or prevent its continuation.

64.     The coaching staff's deliberate indifference toward the abuse of minor Plaintiff displayed itself again later in September of 2015, when another assistant coach, Coach Phillips, walked through the locker room while an older teammate restrained minor Plaintiff in a headlock.

65.     Despite seeing this abuse, Coach Phillips did not reprimand the assailant, he did not report the abuse, he did not investigate, he did not sanction the responsible student, he did not protect minor Plaintiff from such conduct, nor did he prevent its foreseeable continuation and escalation.  Rather, he walked away, ignoring the abuse all together.

66.     Consistent with the culture of unchecked abuse, minor Plaintiff continued to be physically and sexual hazed throughout the fall of 2015.

67.     On Thursday, October 15, 2015, another weekly celebration of "No Gay Thursday" ensued.  While in the locker room, a group of three older players, Jack Mille, Dondre Ross, and Peter Jean approached minor Plaintiff and demanded that he strip down to his underwear and sweep the locker room floor.  Minor Plaintiff refused.

68.     In response to minor Plaintiff's objection, the three older players grabbed minor Plaintiff, pinned him face-down on a locker room bench and spread his legs apart.

69.     As minor Plaintiff struggled to escape, the older players pulled down his pants, continuing to pin him face-down on the bench.  With minor Plaintiff pinned face-down on the bench, his boxer shorts still on, one of the boys proceeded to sodomize him with a broom handle.

70.     Minor Plaintiff is five feet, nine inches tall, and weighs approximately one hundred and sixty pounds. Both of the older boys pinning minor Plaintiff down stood over six feet, one weighing nearly two hundred and sixty pounds.

71.     As a result of the incident minor Plaintiff was deeply traumatized and humiliated. Embarrassed and ashamed, he remained silent about the sexual abuse for several months.

72.     In December 2015 minor Plaintiff told his father about the older players sodomizing him with a broomstick in the locker room.

73.     Minor Plaintiff's father promptly contacted the school district and informed them of the sexual assault.

74.     Tredyffrin Township School District conducted an investigation, and then fired the coaching staff.

75.     As a result of Defendant Tredyffrin Township School District's investigation, Defendant determined that that the tradition of hazing had been occurring for several years in the locker room and it included obscene behavior targeted against younger classmen.[1]

76.     Defendants Tredyffrin Township School District and Conestoga High School also publicly stated that "[t]he locker room had an insufficient adult presence throughout the football season, creating an environment where hazing activities could occur."[2]

77.     Defendant Tredyffrin Township School District's deliberate indifference by way of its "appropriate persons", Defendant football coaches, denied minor Plaintiff the freedom to enjoy Conestoga High School's activities and academic programs, and namely to provide a safe school and athletics program free of intimidating behavior, hostility, and without offensive and abusive treatment.

---

[1] See Exhibit "A" March 17, 2016 Letter to T/E Families Regarding School Investigation.
[2] See Exhibit "A" March 17, 2016 Letter to T/E Families Regarding School Investigation.

78.     The egregious disregard of both a well-known hazing culture and the dangerous indifference to observe player-on-player physical and sexual abuse resulted in a denial of minor Plaintiff's statutory rights under 20 U.S.C. § 1681 (a) and constitutional rights under 42 U.S.C. § 1983.

79.     Plaintiff alleges, upon information and belief, that at all relevant times, each and every Defendant was the agent or employee of each and every other Defendant, acting within the course and scope of such agency or employment, and was acting with the consent, permission and authorization of each of the remaining Defendants.  All actions of each Defendant were ratified and approved by every other Defendant.  Plaintiff further alleges on information and belief that all of the actions alleged in this Complaint were taken pursuant to the customs, policies, and practices of Defendants Conestoga High School and Tredyffrin Township School District.

80.     Plaintiff alleges, upon information and belief, that at all relevant times, each and every Defendant failed to comply with federal and state law regarding gender discrimination, sexual harassment, and sexual abuse.

81.     Plaintiff alleges, upon information and belief, that all Defendants' acts or omissions alleged in this Complaint were committed knowingly, intentionally, and/or with conscious disregard of, or deliberate indifference toward, the well-being of minor Plaintiff.

82.     Plaintiff alleges, upon information and belief, that Defendant football coaches, as "appropriate persons" of Defendant Tredyffrin Township School District and Conestoga High School, knew or should have known that they were under a mandatory duty by state and federal law to provide a safe and equal environment for students, to respect their privacy, and/or to protect them from sexual abuse, sexual harassment, discrimination and/or violence from other

14

students, regardless of the gender of the minor Plaintiff or the gender of the aggressors, yet they failed to do so.

83.    As a result of the Defendant football coaches' failure to undertake meaningful disciplinary measures against the harassing students, who were under the Defendant football coaches' authority, the sexual abuse and harassment continued and escalated and occurred on school grounds.  The specific instances of sexual abuse and hazing and these Defendants' failure to take action listed herein are merely representative, not exhaustive.

84.    Defendant football coaches' – "appropriate persons" representing Defendants Tredyffrin Township School District and Conestoga High School – intentional failure to take action to remedy the sexual abuse and hazing by older players has caused the minor Plaintiff to suffer extreme emotional distress and psychological damage.  Minor Plaintiff currently suffers from major depression and adjustment disorder with anxiety and depressed mood.

85.    The Defendant Tredyffrin Township School District is responsible for ensuring that all of its employees are properly trained and supervised to perform their jobs.

86.    The Defendant Tredyffrin Township School District is responsible for the acts and omissions of its employees.

87.    As a result of Defendants' violations of minor Plaintiff's statutory and constitutional rights, minor Plaintiff has been damaged in an amount which is not yet known, but which exceeds the jurisdictional minimum of this Court.

## COUNT I
## Violation of Title IX
## (20 U.S.C. § 1681, et seq.)
## MINOR PLAINTIFF v. ALL DEFENDANTS

88.     Plaintiff hereby incorporates by reference the allegations set forth in the foregoing paragraphs as though they were set forth at length herein.

89.     At all times relevant herein, minor Plaintiff was a student at Defendant Conestoga High School and was he was an active member of the Conestoga Football Team.

90.     Plaintiff is informed and believes, and on that basis alleges that, at all times relevant herein, the Defendant Tredyffrin Township School District received federal financial assistance.

91.     Beginning in September 2015, minor Plaintiff was subjected to sex based harassment, and the regular physical abuse, sexual abuse, and harassment minor Plaintiff was subjected to was severe, pervasive, and created a hostile educational environment in violation of Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 (a) ("Title IX"), that deprived minor Plaintiff access to the educational opportunities provided by the school.

92.     Minor Plaintiff was subjected to physical and sexual hazing and abuse by the other Conestoga football players as a result of the Coaches affirmative policy of not providing supervision in the locker room, and the Coaches and School District's deliberate indifference to known ongoing physical and sexual hazing, the failure to properly investigate and/or address the ongoing physical and sexual hazing, harassment and abuse, and to prevent it from continuing.

93.     The Defendant Coaches had actual knowledge of the ongoing player on player physical and sexual hazing that was occurring among the football team players during school hours and on school grounds, and had knowledge that hazing is a danger to be prevented, and

16

knew of the risk that it would continue and escalate, yet failed to prevent its continuation and instead acted with deliberate indifference toward minor Plaintiff and other similarly situated students.

94.     The Defendant Coaching staff's failure to promptly and appropriately respond to the ongoing player on player physical abuse and sexual hazing that was occurring among the football team players, resulted in minor Plaintiff, on the basis of his sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the School District's education program in violation of Title IX.

95.     The Defendant Coaches failed to take immediate, effective remedial steps to resolve the abusive culture and exercise control over the perpetrators who were under the school's disciplinary authority, and the defendants persisted in their actions and inactions even after they had actual knowledge of the harm suffered by the minor Plaintiff.

96.     Minor Plaintiff suffered both physical and sexual abuse as alleged herein, the student athletes interfered with minor Plaintiff's ability to attend school, participate in sports programs, and perform his studies and activities.

97.     The physical and sexual abuse of the other players directed at minor Plaintiff, coupled with homosexual derogation, created a gender animus towards the minor Plaintiff.

98.     The sex based harassment and sexual abuse alleged herein wasso severe, pervasive, and objectively offensive that it effectively deprived minor Plaintiff's access to an educational opportunity or benefit provided by the school.

99.     The above described conduct by Defendants' Tredyffrin Township School District and Conestoga High School's "appropriate persons" violated the rights of the minor

Plaintiff to be free from sexual abuse, sexual harassment, and sexual discrimination by and/or within any educational program or activity which receives federal financial assistance.

100.    Defendants' acted with willful and/or conscious disregard of minor Plaintiff's rights and safety, and merit and award of punitive and exemplary damages to punish said Defendants and to set an example for those similarly situated.

101.    As a result of Defendant Coaches' deliberate indifference towards minor Plaintiff, he has suffered injury to his person, extreme and severe mental anguish, humiliation, severe emotional distress, major depression and adjustment disorder with anxiety and depressed mood, and has incurred medical, psychological and general damages in an amount to be determined at the time of trial of this matter.

102.    As a result of the violation of his constitutional rights, minor Plaintiff suffered severe and permanent injuries and the other harm averred herein.

WHEREFORE, minor Plaintiff demands judgment against Defendants for such compensatory damages and punitive damages as may be permitted pursuant to the applicable federal and state law, together with all interest thereon, costs of suit and reasonable attorney's fees.

## COUNT II
### Violation of § 1983
### (42 U.S.C. § 1983)
### MINOR PLAINTIFF v. ALL DEFENDANTS

103.    Plaintiff hereby incorporates by reference the allegations set forth in the foregoing paragraphs as though they were set forth at length herein.

104.    Under the Fourteenth Amendment, minor Plaintiff had the right as a public school student to bodily integrity.

105.    Defendants' were acting under the color of state law at all relevant times.

106.    Defendants' appalling decision to enact and affirm a policy of staying out of the varsity football locker room increased the risk that abuse of minor Plaintiff would occur in the locker room.  The dangers of unsupervised children and hazing were especially foreseeable given that Defendants knew that hazing is a danger to be prevented, and based on their knowledge of the persistent hazing culture that existed at the school.

107.    By creating an official, affirmative policy of not providing supervision in the varsity football locker room, the Defendants used their authority to create an environment of surety that the locker room would be a safe haven for abusers to freely haze, harass, and sexually abuse younger players.

108.    Defendants' affirmatively used their authority in a way that created a danger to younger football players, by providing an opportunity in the unsupervised locker room for the older players to haze, sexually harass, and sexually abuse the younger players.

109.    Defendants, having actual and imputed knowledge of previous physical abuse and sexual hazing, nevertheless chose to make the deplorable decision to maintain their policy of basically staying out of the varsity football locker room, reminding the team that it was "their space" and that the coaches would not provide supervision in the locker room.

110.    As the Defendants had knowledge of hazing by older players against younger players, it was foreseeable that a policy that removed supervision from the locker room would permit and increase the likelihood that hazing would occur and continue.  Minor Plaintiff, as a freshman football player, was a foreseeable victim of the harm that could result due to the Defendants' affirmative decisions to remain out of the locker room.

111.    Minor Plaintiff's ultimate harm by way of the abuses he endured is directly linked to Defendants' affirmative decision to not provide adult supervision in the locker room.

112.    Defendants' affirmative policies were made under color of state law, and caused a deprivation of minor Plaintiff's right to bodily integrity by way of increasing his exposure to hazing, abuse, and sexual harassment that ultimately resulted in real harm to the minor Plaintiff.

113.    The conduct of Defendant Coaches substantially increased the risk of harm to minor Plaintiff.

114.    Defendants' acted with deliberate indifference to minor Plaintiff's rights and safety by failing to promptly investigate the acts of hazing and abuse inflicted upon minor Plaintiff by the other students, and permitting it to continue.

115.    Defendants' deliberate indifference to minor Plaintiff's rights and safety merit an award of punitive and exemplary damages to punish said Defendants and to set an example for those similarly situated.

116.    As a result of Defendant Coaches' affirmative policy to generally stay out of the locker room, minor Plaintiff has suffered injury to his person, extreme and severe mental anguish, humiliation, severe emotional distress, major depression and adjustment disorder with anxiety and depressed mood, and has incurred medical, psychological and general damages in an amount to be determined at the trial of this matter.

117.    As a result of the violation of his constitutional rights, minor Plaintiff suffered severe and permanent injuries and the other harm averred herein.

WHEREFORE, minor Plaintiff demands judgment against Defendants for such compensatory damages and punitive damages as may be permitted pursuant to the applicable

federal and state law, together with all interest thereon, costs of suit and reasonable attorney's fees.

ANAPOL WEISS

By: _____

MIRIAM BENTON BARISH, ESQUIRE
Attorney I.D. No. 72622
One Logan Square, 130 North 18th Street
Suite 1600
Philadelphia, PA 19103
215-790-4571
mbarish@anapolweiss.com


RAMSAY & RAMSAY, PC

By: _____

THOMAS H. RAMSAY, ESQUIRE
Attorney I.D. No. 31775
Chester County Executive Suites
882 South Matlack Street, Suite 110
West Chester, PA 19382
tom@ramsaylawoffice.com

21

## VERIFICATION

I, Elliott Calloway, Sr., Parent and Natural Guardian of minor Plaintiff, E.C., hereby state that I am the Plaintiff in the within action and the facts set forth in the foregoing Complaint in Civil Action are true and correct to the best of my knowledge, information and belief; and this statement is made subject to the penalties of 18 Pa. C.S.A. Sec. 4904 relating to unsworn falsification to authorities.

_Elliott T Calloway Sr_
ELLIOTT CALLOWAY, SR., Parent
And Natural Guardian of Minor Plaintiff E.C.

Date: 10/27/16